IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| HANCOCK FABRICS, INC. | PLAINTIFF |
| V. | CAUSE NO.: 1:12CV131-SA-DAS |
| ROWDEC, LLC d/b/a WESTLAKE ASSOCIATES | DEFENDANT |
| with | |
| ROWDEC, LLC | PLAINTIFF |
| V. | CAUSE NO.: 1:12CV222-SA-DAS |
| HANCOCK FABRICS, INC. | DEFENDANT |

ORDER ON STAY PENDING APPEAL

Hancock Fabrics, Inc., has appealed this Court's Order denying the Motion to Stay Arbitration Proceeding and for Sanctions against Defendant Westlake [79]. Hancock now requests that this Court stay the arbitration proceedings pending appeal [82]. The Court held a conference call in this matter, and the parties provided supplemental briefing. The Court considered all briefing and hereby GRANTS the stay.

In an earlier opinion, this Court refused to "stay" the arbitration as requested by Hancock on the basis that Westlake had not waived its right to arbitrate and the proper authority for determining the res judicata effect of the earlier arbitration was an arbitrator. As noted by the Supreme Court:

> Both [a stay and an injunction] can have the practical effect of preventing some action before the legality of that action has been conclusively determined. But a stay achieves this result by temporarily suspending the source of authority to act—the order or judgment in question—not by directing an actor's conduct. A stay "simply suspend[s] judicial alteration of the status quo," while injunctive relief "grants judicial intervention that has been withheld by lower courts." *Ohio Citizens for Responsible Energy, Inc. v. NRC,* 479 U.S. 1312, 1313, 107 S.Ct. 682, 93 L.Ed.2d 692 (1986) (Scalia, J.,

> in chambers); see also *Brown v. Gilmore,* 533 U.S. 1301, 1303, 122 S. Ct. 1, 150 L. Ed. 2d 782 (2001) (Rehnquist, C.J., in chambers) ("[A]pplicants are seeking not merely a stay of a lower court judgment, but an injunction against the enforcement of a presumptively valid state statute"); *Turner Broad. Sys., Inc. v. FCC,* 507 U.S. 1301, 1302, 113 S. Ct. 1806, 123 L. Ed. 2d 642 (1993) (same) ("By seeking an injunction, applicants request that I issue an order *altering* the legal status quo").

*Nken v. Holder*, 556 U.S. 418, 428-29, 129 S. Ct. 1749, 1758, 173 L. Ed. 2d 550 (2009). A review of the relief requested by Hancock evidences that Hancock sought judicial intervention to prevent an action by Westlake – arbitration. The Court finds that the relief requested earlier, although entitled a "stay" was actually a request for injunctive relief. Because the Court refused to grant the stay requested by Hancock, thereby denying injunctive relief, Federal Rule of Civil Procedure 62(c) applies to the requested stay pending appeal.

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Thus, in order to determine whether a stay is warranted, this Court must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest is advanced by such a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *Drummond v. Fulton County Dep't of Family & Children's Serv.*, 532 F.2d 1001, 1002 (5th Cir. 1977).

The Fifth Circuit Court of Appeals summarized that when a serious legal question is involved, a movant "need only present a substantial case on the merits" . . . "and show that the balance of equities weighs heavily in favor of granting the stay." *United States v. Baylor Univ.*,

711 F.2d 38, 39 (5th Cir. 1983) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

Hancock specifically appeals the Court's finding that Westlake did not waive its contractual right to arbitrate, and that the arbitrator was the appropriate factfinder to adjudicate their res judicata defense. After a recitation of the background of this case, the Court found that based on the facts in this case, Westlake did not waive the right to arbitrate. Upon further examination the Court now reaffirms this holding, and finds that Hancock cannot show a substantial likelihood of success on the merits of that particular claim. However, the Court does consider the res judicata issue raised by Hancock a serious legal question. As Hancock repeats in its briefing, the Court noted that this specific issue was "unresolved" in the Fifth Circuit. That statement fails to consider that the unresolved nature of this issue in the Fifth Circuit is a result of the United States Supreme Court's more recent authority in this area. Accordingly, the Fifth Circuit will likely base the decision in this case on the interplay between prior precedent and the recent Supreme Court proclamation.

If the Court refused to stay this case pending appeal and allowed the arbitration to proceed, it is likely that the arbitrator would be able to decide the issue prior to the Fifth Circuit's contemplation and determination of the propriety of the arbitrator making that determination. Thus, the parties could engage in significant arbitration, only to have the Fifth Circuit remand that very issue back to this Court for the same consideration already decided by the arbitrator. Accordingly, the Court finds that the balance of equities weighs heavily in favor of staying this case. *Ruiz*, 650 F.2d at 565.

In addition to analyzing whether a stay is warranted pursuant to case law, the Court is also allowed to impose "terms for bond or other terms that secure the opposing party's rights."

FED. R. CIV. P. 62(c). The Court finds such terms necessary in this case. Westlake shall provide documentation on the docket as to any sum of money paid to institute the second arbitration proceeding by Monday, October 26, 2015. Hancock shall pay the documented amount as a bond for the stay. The bond shall be deposited into the Court's registry by October 30, 2015, or risk the stay not being entered. The Court finds that a bond equal to the amount that Westlake has paid to institute the arbitration proceedings will serve to secure Westlake's rights in this proceeding. FED. R. CIV. P. 62(c).

*Conclusion*

The Court finds that a stay is necessary to maintain the status quo on appeal. Hancock has shown that a serious legal issue has been raised on appeal and that the balance of equities weighs in favor of a stay. Westlake shall provide documentation to the Court, on the record, by Notice of Filing, as to the amount paid to institute the second arbitration proceeding involving these two parties. Hancock shall pay that amount into the Court's registry in the form of a bond by October 30, 2015. A stay will then be issued.

Westlake's failure to provide documentation by the date specified shall result in an immediate stay. If Hancock fails to pay the bond by the date mentioned will forfeit the stay.

SO ORDERED, this the 21st day of October, 2015.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**